UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEELE, et al. | CIVIL ACTION |
| VERSUS | CASE NO. 18-542 |
| PRO-TECH FOUNDATION REPAIR AND LEVELING, LLC, et al. | SECTION: "G"(2) |

## ORDER

Pending before the Court is Plaintiff's "Motion for Remand and Reimbursement of Costs, Expenses, and Attorneys Fees Pursuant to 28 U.S.C. 1447(c)."[1] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion, remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana, and order Plaintiff to file supplemental briefing on the amount of attorney's fees and costs incurred for the instant motion within 14 days of this Order.

## I. Background

Plaintiff Ashley Steele ("Plaintiff") alleges that she entered into a contract on or about June 16, 2006, with Defendant Pro-Tech Foundation Repair and Leveling, LLC ("Defendant") to perform foundation repairs at her house.[2] Plaintiff alleges that Defendant performed defective work, which caused damage to her property.[3]

On January 20, 2009, Plaintiff filed the present action in Civil District Court for the Parish of Orleans, State of Louisiana.[4] In the petition, Plaintiff named JMO Home Improvement, LLC

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1-1 at 17.

[3] *Id.* at 20.

[4] *Id.* at 1.

("JMO"), which is a non-diverse party, as a defendant.[5] On October 15, 2015, with leave of the state court, Plaintiff filed a "Supplemental and Amending Petition," which also named JMO as a defendant.[6] On May 25, 2016, the state court entered a pretrial scheduling order, which stated that Plaintiff was planning to file a motion to dismiss JMO.[7] On August 1, 2016, with leave of the state court, Plaintiff filed a "2nd Supplemental and Amending Petition," which did not name JMO as a defendant.[8] On December 18, 2017, according to Defendant, Defendant's counsel was informed on a telephone call with the Orleans Parish Clerk of Court that Plaintiff's voluntary dismissal of JMO had been executed.[9]

On January 17, 2018, Defendant removed the action to this Court, alleging that it has diversity jurisdiction over this action because the parties are diverse and the amount in controversy exceeds the federal jurisdictional minimum of $75,000.[10] On February 15, 2018, Plaintiff filed the instant "Motion for Remand and Reimbursement of Costs, Expenses, and Attorneys Fees Pursuant to 28 U.S.C. 1447(c)."[11] On March 6, 2018, Defendant filed the "Opposition to Plaintiffs' Motion to Remand," and requested oral argument on the motion.[12] On March 28, 2018, the Court heard oral argument on the motion.

---

[5] *Id.* at 5.

[6] *Id.* at 14.

[7] Plaintiff made this representation at oral argument. Defendant did not directly dispute the veracity of this statement.

[8] Rec. Doc. 1-1 at 16.

[9] *See* Rec. Doc. 1 at 2.

[10] Rec. Doc. 1.

[11] Rec. Doc. 10.

[12] Rec. Doc. 14.

## II. Parties' Arguments

### A. *Plaintiff's Motion for Remand and Reimbursement of Costs, Expenses, and Attorney's Fees Pursuant to 28 U.S.C. 1446 and 1447(c)*

Plaintiff asserts that Defendant is precluded from removing the action because Defendant did not file the notice of removal within the applicable deadline.[13] Plaintiff contends that Defendant received notice that complete diversity existed on August 1, 2016, when Plaintiff filed her Second Supplemental and Amending Petition, which did not name JMO, the only non-diverse defendant, as a defendant.[14] As a result, Plaintiff asserts that she abandoned her claims against JMO on August 1, 2016.[15] Moreover, Plaintiff asserts that Defendant Pro-Tech filed its notice of removal more than a year after the commencement of the action in state court, since the action was commenced in state court on January 20, 2009.[16] Finally, Plaintiff contends that Defendant's removal was not filed in good faith, since Plaintiff alleges that it is not supported in fact or law.[17] As a result, Plaintiff asserts that Defendant should pay reasonable attorneys' fees and expenses for the filing of the instant motion.[18]

### B. *Defendant's Opposition to Plaintiff' Motion*

Defendant first asserts that Plaintiff named JMO as a defendant in the original petition in bad faith.[19] Defendant asserts that Plaintiff's actions are evidence of "conduct of a party who was

---

[13] Rec. Doc. 10-2 at 2.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 3.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 14 at 2 – 3.

3

attempting to manipulate the pleadings to circumvent removal of this action."[20] Defendant points to the fact that Plaintiff named JMO as a party in multiple pleadings and now admits there was no viable claim against JMO, as well as the fact that Plaintiff did not "voluntarily dismiss JMO under the guise that it was a mere formality."[21]

Moreover, Defendant contends that Plaintiff only manifested clear intent to abandon her claims against JMO in the motion for voluntary dismissal, so Plaintiff's suggestion that Defendant should have filed an exception is flawed.[22] According to Defendant, Defendant evaluated five actions to determine Plaintiff's intent: 1) Plaintiff named JMO as a defendant in the original petition; 2) Plaintiff moved for leave of court to file a supplemental and amending petition, specifically requesting that Plaintiff's previously asserted claims be incorporated into the supplemental and amending petition; 3) Plaintiff filed a supplemental and amending petition; 4) Plaintiff moved for leave of court to file a second supplemental and amending petition, specifically requesting that Plaintiff's previously asserted claims be incorporated into the second supplemental and amending petition; 5) Plaintiff filed a second and supplemental amending petition.[23] Defendant asserts that these actions are "in complete contradiction of a party expressing intent to abandon claims."[24] Thus, Defendant argues that the 30-day removal period did not begin until Plaintiff filed the motion to dismiss JMO.[25]

---

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.* at 4

[23] *Id.*

[24] *Id.*

[25] *Id.* at 5.

### III. Legal Standard

In a motion to remand, "the party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."[26] "Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[27] The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[28]

Pursuant to the removal statute, a defendant may remove a state civil court action to federal district court if the federal court has original jurisdiction over the action.[29] A federal court has subject matter jurisdiction over an action under 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[30] "To determine whether federal jurisdiction exists, this Court must consider the claims in the state court petition as they existed at the time of removal."[31]

Generally, a notice of removal must be filed within 30 days of the receipt of a copy of the initial pleading by the defendant.[32] However, if the case is not originally removable, but it later becomes removable, the defendant must remove the case within 30 days of notice that the case has

---

[26] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

[27] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[28] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted). *See also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)

[29] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[30] 28 U.S.C. § 1332(a)(1).

[31] *Grefer v. Travelers Ins. Co.*, No. 03-0253, 2003 WL 22717716, at *2 (E.D. La. Nov. 18, 2003) (citing *Cavellini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1994)).

[32] 28 U.S.C. § 1446(b)(1).

become removable.[33] Nevertheless, even if a defendant receives such notice that a case has become removable after the initial pleading, if it has been more than 1 year since the commencement of the action, the case may not be removed "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[34] The Fifth Circuit applies the "bad faith" exception when a party has "attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights."[35]

### IV. Analysis

Plaintiff asserts that Defendant is precluded from removing this case because Defendant failed to remove the action within 30 days of notice that the case had become removable.[36] Plaintiff also asserts that Defendant failed to remove the case within a year of the commencement in state court.[37] In opposition, Defendant asserts that it removed the case within 30 days of notice that the case had become removable.[38] Moreover, Defendant argues that Plaintiff acted in bad faith, so removal is permitted despite the fact that the action commenced approximately nine years before removal.[39] Defendant asserts that Plaintiff's actions and inactions "evidence[] conduct of a party who was attempting to manipulate the pleadings to circumvent removal of this action."[40]

---

[33] 28 U.S.C. § 1446(b)(3).

[34] 28 U.S.C. § 1446(c)(1).

[35] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003).

[36] Rec. Doc. 10-2 at 2.

[37] *Id.* at 3.

[38] Rec. Doc. 1 at 2.

[39] Rec. Doc. 14 at 3.

[40] *Id.* at 3.

Specifically, Defendant alleges that Plaintiff filed multiple pleadings that incorporated allegations against JMO, and according to Defendant, Plaintiff now admits she had no viable claim against JMO, and Plaintiff failed to voluntarily dismiss JMO "under the guise that it was a mere formality."[41]

In *Mitchell v. Amica Mutual Insurance Co.*, this Court found that a plaintiff acted in bad faith to prevent a defendant from removing the action.[42] The plaintiff waited slightly more than a year to indicate that the amount in controversy exceeded the minimum $75,000 threshold after originally representing in state court that her claims did not approach the jurisdictional minimum.[43] Moreover, this Court also noted that the plaintiff "waited to compile an itemization of her personal property losses until forced to do so in order to survive summary judgment in state court."[44] Thus, the Court found that the plaintiff acted intentionally "in forum manipulation by keeping her claims below the federal jurisdictional minimum for one year."[45]

Here, Plaintiff filed suit in state court on January 20, 2009, naming JMO, a non-diverse party, as a defendant.[46] Plaintiff asserted at oral argument that the state court entered a pretrial scheduling order on May 25, 2016, which stated that Plaintiff was planning to file a motion to dismiss JMO. On August 1, 2016, Plaintiff also filed the Second Supplemental and Amending Petition, which did not allege any claims against JMO.[47] According to Defendant, on December

---

[41] *Id.*

[42] *Mitchell v. Amica Mut. Ins. Co.*, No. 14-2766, 2015 WL 1608670, at *3 (E.D. La. April 10, 2015).

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 1-1 at 1.

[47] *Id.* at 16.

18, 2017, Defendant's counsel was informed on a telephone call with the Orleans Parish Clerk of Court that Plaintiff's voluntary dismissal of JMO had been executed.[48] Defendant then removed the case to this Court on January 17, 2018, asserting that the removal was within 30 days of the December 18 telephone call.[49] Considering these dates, Defendant did not remove the case within 30 days of its initial pleading. Moreover, it appears that Defendant failed to remove the case within 30 days of notice that the case became removable, since Defendant did not file its notice of removal within 30 days of the state court's pretrial scheduling order or Defendant's Second Supplemental and Amending Petition; the first of which evidenced Plaintiff's intent to dismiss her claims against JMO, and the second her actual failure to assert a claim against JMO.[50]

Moreover, even if Defendant had removed the case within 30 days of notice that it had become removable, Defendant removed the case approximately nine years after it was filed in state court. Considering Defendant removed the case more than one year from its initial pleadings, Defendant must show that Plaintiff acted in bad faith to prevent removal. However, Defendant provides no evidence that Plaintiff acted in bad faith. Unlike in *Mitchell*, where the plaintiff intentionally withheld information to prevent removal, Defendant has presented no evidence that Plaintiff brought a claim against JMO in order to "manipulate the statutory rules for federal jurisdiction."[51] The fact that Plaintiff has since dismissed her claim against JMO does not mean that Plaintiff acted in bad faith by naming JMO as a defendant in the original petition. If the Court

---

[48] *See* Rec. Doc. 1 at 2.

[49] *Id.* at 1.

[50] During oral argument, Defendant asserted that it did not have notice that the case was removable until its December 18, 2017 telephone call regarding Plaintiff's voluntary dismissal of JMO. Defendant asserts that it removed the case within 30 days of this voluntary dismissal.

[51] *See Tedford*, 327 F.3d at 426.

found that Plaintiff acted in bad faith by dismissing a non-diverse party at this stage of the litigation, it would open the floodgates to allow for removal of every case where a non-diverse defendant is dismissed.

Here, Defendant was not licensed to operate in Louisiana, so it used JMO's license to perform the foundation repairs on Plaintiff's house. Before Plaintiff dismissed JMO, Plaintiff claimed that JMO was negligent in overseeing Defendant's work. During oral argument, Plaintiff's counsel also explained that there was an agreement between Plaintiff's prior counsel and Defendant to dismiss JMO from the suit. Plaintiff's current counsel asserted that he would not have made such an agreement based on his belief that there remains a viable cause of action against JMO for negligent oversight of Defendant's work, but Plaintiff's counsel stated that he and his co-counsel determined that they should honor the agreement. Plaintiff's counsel's statements, which went uncontroverted by Defendant in oral argument, undercut Defendant's argument that Plaintiff's dismissal of JMO was an admission that there was no viable claim against JMO. The removing Defendant has the burden of putting forth evidence that Plaintiff acted in bad faith— here allegedly that there was no viable claim against the non-diverse defendant prior to the voluntary dismissal of the non-diverse defendant. The removing Defendant here has failed to meet that burden.

Alternatively, even accepting Defendant's bad faith allegation (that there was never a viable claim against JMO) as true, then Defendant is essentially alleging that Plaintiff "fraudulently joined" JMO as a defendant when initially filing the suit in state court.[52] If Defendant

---

[52] A party seeking removal based upon a theory of improper, or fraudulent, joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). The Fifth Circuit has long recognized two methods of fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573.

is correct, this issue should and could have been raised at the time Plaintiff filed the original petition, as no facts in the case have changed. However, Defendant did not attempt to remove the case at that time. The rule allowing a defendant more than one year after a plaintiff files suit to remove a case if a plaintiff acted in bad faith is not intended to allow a defendant to sit on its hands waiting for a plaintiff to dismiss a non-diverse party, even if the defendant had been allegedly fraudulently joined, or as Defendant put it, joined in bad faith.

On the other hand, Plaintiff asserts that Defendant did not remove this case in good faith, arguing that "[D]efendant's notice of removal is not supported in fact or law. . . ."[53] Thus, Plaintiff argues that Defendant ought to pay reasonable attorney's fees and expenses to Plaintiff for filing the instant motion.[54]

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is left to the sound discretion of the Court, and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[55]

Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[56] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the

---

[53] Rec. Doc. 10-2 at 3.

[54] *Id.*

[55] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[56] *Id.* (citing *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)).

removing party lacked an objectively reasonable basis for seeking removal."[57] Here, the Court finds that Defendant lacked an objectively reasonable basis for seeking removal, considering Defendant's attempt to remove this case 9 years after it was filed in state court with absolutely no evidence of bad faith on the part of Plaintiff.

In *Veranda Associates, L.P. v. Hooper*, the Fifth Circuit evaluated a district court's determination that a defendant did not have an objectively reasonable basis for removal.[58] The defendant asserted that his domicile was in New York; since he was registered to vote, owned property, maintained driver's and law licenses, and maintained an office in New York.[59] The district court concluded that the defendant was domiciled in Texas at the time of the suit.[60] The district court noted that the defendant had purchased a home in Texas, and his wife stated that the defendant intended to live there.[61] The district court also pointed to the defendant's "long history of maintaining residences in Texas, carrying on business dealings in Texas, and being party to lawsuits in Texas."[62] The Fifth Circuit noted that "no single factor is determinative" in a party's domicile; and the Fifth Circuit concluded that, based on the record and law, the district court did not abuse its discretion in finding that the defendant did not have an objectively reasonable basis for removal.[63]

Here, Defendant's argument that Plaintiff acted in bad faith is based on the fact that

---

[57] *Id.*

[58] 496 F. App'x 455, 457 (5th Cir. 2012).

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

11

Plaintiff voluntarily dismissed JMO pursuant to an agreement between counsel, which, as stated above, is not in any way determinative of bad faith. In fact, Defendant provides no evidence that Plaintiff either filed a claim against JMO or did not dismiss JMO in the nine years prior to removal in order to "manipulate the statutory rules for determining federal removal jurisdiction."[64]

The Court has found Defendant's arguments in support of removal not only unavailing, but also unsupported in law or fact. Attorneys have an obligation to investigate the facts and the law of their case. Moreover, it is unprofessional to accuse an opposing party of acting in bad faith so loosely. Finally, it costs Plaintiff time and money to have the case remanded, while also draining the limited resources of this Court. As a result, the Court cannot tolerate such a removal. Therefore, the Court will remand the instant action to state court, and it will award attorneys' fees or costs here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Remand and Reimbursement of Costs, Expenses, and Attorneys Fees Pursuant to 28 USC 1447(c)"[65] is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court for Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff is to file supplemental briefing on the amount of attorney's fees and costs incurred for the instant motion within 14 days of this Order.

**NEW ORLEANS, LOUISIANA**, this 2nd day of April, 2018.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[64] *Tedford*, 327 F.3d at 426.

[65] Rec. Doc. 10.